Ruffin, J,
 

 It is certainly not usurious to take á bond or note on a settlement, for a balance or amount due, including interest up to that timeso as to make the whole bear interest afterwards; for there is no agreement for compound interest, and in fact, no compound interest, as such, received. It was said, indeed, by Chief Justice Abbott, to be settled, that where a party advances money to another on account, he may charge interest, and at the end of each year, make a rest,, adding the principal and interest together, so as to make both capital;
 
 Eaton
 
 v.
 
 Bell,
 
 5 Barn. and Ald. 34; and he cites, with approbation, Lord Eldost’s decision in
 
 Ex parte
 
 Bevan, 9 Ves. 223, that where, upon such an account, the parties agreed at the end of six months to settle the account, and that the balance of account, including, the intermediate
 
 *583
 
 'interest, should cany interest, it was good, such rest not having been originally agreed for, and it thus not appearing that the loan was made in.contemplation of compound interest for fractions of a year. That is much stronger than the present case, for there was never a loan of money here, but the transaction was an isolated one, and the plaintiff was entitled to recover and collect the whole .sum due, as well for interest as principal on the notes purchased by him ; but instead of demanding payment, took a new security for the debt, bearing the legal rate of interest thereafter. It is no more usury than taking a note for an open account, which did not bear interest, or upon a.general settlement of notes and accounts
 
 bona fide,
 
 made at .a shorter interest' of one year from the commencement of the account, or the last settlement.
 

 Pee Oueiam, Judgment affirmed.
 

 
 *584
 
 L